UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**NOEL MCARDLE-BRACELIN, Individually and
On Behalf of All Others Similarly Situated,**

<em>Plaintiff,</em>

    *-vs.-*

**EMBASSY SUITES FRANCHISE LLC, HILTON
WORLDWIDE FRANCHISING LLC D/B/A
EMBASSY SUITES; CONGRESS HOTEL, LLC; and
VEEDER HOSPITALITY MANAGEMENT, LLC,**

1:20-cv-0861
(TJM/TWD)

<em>Defendants.</em>

---

## MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF FRANCHISOR DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**BARCLAY DAMON LLP**
Edward G. Melvin II
*Attorneys for Defendants*
*Embassy Suites Franchise LLC and*
*Hilton Franchise Holding LLC*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York  13202
Telephone:  (315) 425-2783
Facsimile:  (315) 703-7328
Email:  emelvin@barclaydamon.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL BACKGROUND............................................................................. 1

STANDARD OF REVIEW UNDER RULE 12(c) ................................................. 2

POINT I    PLAINTIFF FAILS TO ALLEGE FACTS PLAUSIBLY SUGGESTING A REASONABLE INFERENCE THAT THE FRANCHISOR DEFENDANTS WERE HER "JOINT EMPLOYERS" ................................................................. 4

Joint Employer Factors Under the NYLL and FLSA ......................................... 4

Plaintiff's Allegations as to the Franchisor Defendants' Alleged Control over Plaintiff ............................................................................................................ 6

Plaintiff Fails to Allege Facts Showing Formal Control by the Franchisor Defendants .............................................................................................................. 8

Plaintiff Fails to Allege Facts Showing Functional Control by the Franchisor Defendants .......................................................................................... 8

POINT II    PLAINTIFF'S FIRST AMENDED COMPLAINT ALSO MUST BE DISMISSED UNDER RULE 12(c) FOR USING GROUP PLEADING IN VIOLATION OF RULE 8 ................................................................................. 11

POINT III    PLAINTIFF FAILS TO ALLEGE FACTS PLAUSIBLY SUGGESTING A REASONABLE INFERENCE THAT THE FRANCHISOR DEFENDANTS WERE UNJUSTLY ENRICHED ...................................................................... 12

CONCLUSION......................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Archarya v. 7-Eleven, Inc.,*
    2019 U.S. Dist. LEXIS 215425 (S.D.N.Y. Dec. 13, 2019) ............................................ *passim*

*Atuahene v. City of Hartford,*
    10 Fed. Appx. 33 (2d Cir. 2001) .............................................................................................12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................................4

*Derrick v. Hudson Hall LLC,*
    2020 U.S. Dist. LEXIS 194833 (S.D.N.Y. Oct. 19, 2020) (adopted by *Derrick*
    *v. Hudson Hall LLC*, 2021 U.S. Dist. LEXIS 35503 (S.D.N.Y. Feb. 24, 2021)) ............ *passim*

*Doe v. Zucker,*
    2020 U.S. Dist. LEXIS 222650 (N.D.N.Y. Nov. 30, 2020) ......................................................3

*In re Domino's Pizza, Inc.,*
    2018 U.S. Dist. LEXIS 169607 (S.D.N.Y. Sept. 30, 2018)...................................................7, 9

*Elsayed v. Family Fare LLC,*
    2020 U.S. Dist. LEXIS 142546 (M.D.N.C. Aug. 10, 2020)..................................................7, 9

*Herman v. RSR Sec. Servs. Ltd.,*
    172 F.3d 132 (2d Cir. 1999)...................................................................................................6, 7

*Hugee v. SJC Group, Inc.,*
    2013 U.S. Dist. LEXIS 116471 (S.D.N.Y. Aug. 14, 2013)...............................................13, 14

*Inclan v. N.Y. Hosp. Grp., Inc.,*
    95 F. Supp. 3d 490 (S.D.N.Y. 2015).........................................................................................5

*Marshall v. I-Flow, LLC,*
    2012 U.S. Dist. LEXIS 110978 (N.D.N.Y. Aug. 7, 2021) ........................................................4

*Pontones v. Los Tres Magueyes, Inc.,*
    2021 U.S. Dist. LEXIS 72552 (E.D.N.C. Apr. 15, 2021).......................................................11

*Rivers v. Int'l House of Pancakes,*
    2021 U.S. Dist. LEXIS 427778 (S.D.N.Y. Mar. 8, 2021) ...............................................9, 10, 11

*Steele v. New York*,
   2021 U.S. Dist. LEXIS 54865 (N.D.N.Y. Mar. 23, 2021) ........................................................4

**Statutes**

Fair Labor Standards Act ............................................................................................... *passim*

New York Labor Law ..........................................................................................2, 3, 5, 11, 12, 13

## PRELIMINARY STATEMENT

Defendants Embassy Suites Franchise LLC ("Embassy Suites Franchise") and Hilton Franchise Holding LLC ("Hilton Franchise") (collectively, "Franchisor Defendants") bring this motion for dismissal of Plaintiff's action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1]

Plaintiff's action as against the Franchisor Defendants must be dismissed based on Plaintiff's failure to allege facts plausibly suggesting a reasonable inference that the Franchisor Defendants were her "joint employers" under the New York Labor Law ("NYLL"), or that she had any connection to the Franchisor Defendants to support her claim of unjust enrichment. Moreover, as part of her failure to allege non-conclusory allegations in support of her claims, Plaintiff engaged in "group pleading" in violation of Rule 8 of the Federal Rules of Civil Procedure.

## PROCEDURAL BACKGROUND

On July 31, 2020, Plaintiff filed a proposed class action complaint on behalf of herself and other similarly-situated current and former employees alleging wage and hour violations under New York Labor Law as well as a claim for unjust enrichment against Defendants Congress Hotel, LLC ("Congress Hotel"), Veeder Hospitality Management, LLC ("Veeder Hospitality"), Embassy Suites Employer LLC ("ES Employer"), and Embassy Suites Management LLC ("ES Management"). *See* Plaintiff's Complaint, Dkt. No. 1.

---

[1] For some reason, although Plaintiff served Hilton Franchise with her First Amended Complaint, she failed to name Hilton Franchise in the First Amended Complaint's caption. *See* Dkt. No. 60. Plaintiff also named and served Embassy Suites Franchise as the predecessor in interest to Hilton Franchise; pursuant to an assignment, all rights and responsibilities under a franchise licensing agreement were assigned to Hilton Franchise. For purposes of this motion, Embassy Suites Franchise and Hilton Franchise are referred to as the "Franchisor Defendants."

On November 23, 2020, ES Employer and ES Management filed a motion for summary judgment seeking to be dismissed from Plaintiff's action. *See* Dkt. No. 41.

On June 7, 2021, the parties stipulated to the dismissal of ES Employer and ES Management from Plaintiff's action. *See* Dkt. No. 59.

On June 7, 2021, Plaintiff filed a First Amended Class Action Complaint ("First Amended Complaint" or "FAC") against Congress Hotel and Veeder Hospitality as well as the Franchisor Defendants. *See* FAC, Dkt. No. 60 (FAC).

In her First Amended Complaint, Plaintiff alleges that she worked at an Embassy Suites hotel located in Saratoga Springs, New York ("Hotel") as a "breakfast server and banquet server from approximately August 2016 to July 2018." FAC, ¶ 7.  Plaintiff also alleges that she was employed at the Hotel by all of the "Defendants," i.e., Congress Hotel, Veeder Hospitality and the Franchisor Defendants. *Id.*

On June 21, 2021, Defendants Congress Hotel and Veeder Hospitality filed their Answer to Plaintiff's First Amended Complaint. *See* Dkt. No. 65.  On July 29, 2021, the Franchisor Defendants filed their Answer to Plaintiff's First Amended Complaint. *See* Dkt. No. 69.  The Franchisor Defendants now seek dismissal of Plaintiff's First Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW UNDER RULE 12(c)

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standard governing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v.*

*Zucker*, 2020 U.S. Dist. LEXIS 222650, *8 (N.D.N.Y. Nov. 30, 2020) (McAvoy, J.) (citing *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983)).

On a motion to dismiss brought pursuant to Rule 12(b)(6), the court must accept "all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Steele v. New York*, 2021 U.S. Dist. LEXIS 54865, *8-10 (N.D.N.Y. Mar. 23, 2021) (McAvoy, J.) (citations omitted). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Marshall v. I-Flow, LLC*, 2012 U.S. Dist. LEXIS 110978, *5-6 (N.D.N.Y. Aug. 7, 2021) (McAvoy, J.) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Steele*, 2021 U.S. Dist. LEXIS 54865 at *9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim will only have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

"[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Marshall*, 2012 U.S. Dist. LEXIS 110978 at *6. "The plausibility standard is not akin to a probability requirement, but it asks for more than a mere sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Id.* "Unless a plaintiff's well-pleaded allegations have 'nudged [his] claims across

the line from conceivable to plausible,' the complaint should be dismissed." *Steele*, 2021 U.S. Dist.

LEXIS 54865 at \*9-10 (quoting *Twombly*).

## ARGUMENT

## POINT I

### PLAINTIFF FAILS TO ALLEGE FACTS PLAUSIBLY SUGGESTING A REASONABLE INFERENCE THAT THE FRANCHISOR DEFENDANTS WERE HER "JOINT EMPLOYERS"

In her First Amended Complaint, Plaintiff alleges that the Franchisor Defendants

"provide[] and license[] 'Embassy Suites' franchise agreements to companies such as Veeder

Hospitality Management LLC and/or Congress Hotel LLC ('Veeder'). FAC, ¶ 24. Plaintiff alleges

that she was employed at the Hotel located in Saratoga Springs as a banquet server from August

2016 to July 2018. *Id.* at ¶ 7. In support of her causes of action, Plaintiff alleges that she did not

receive the full amount of service fees charged to customers by the Hotel (FAC, ¶¶ 32-35), and

that the Hotel failed to provide her with sufficient wage notices and statements (FAC, ¶¶ 30-31),

all in violation of the New York Labor Law. *Id.* at ¶¶ 57-62 (First Cause of Action), 63-66 (Second

Cause of Action), and 67-79 (Third Cause of Action). Plaintiff also conclusorily alleges that

Defendants Congress Hotel, Veeder Hospitality and the Franchisor Defendants are liable for these

alleged violations as "joint employers." *Id.* at ¶ 18.

**Joint Employer Factors Under the NYLL and FLSA**

In the Second Circuit, district courts "have consistently interpreted the definition of

'employer' under the New York Labor Law coextensively with the definition used by the FLSA

[Fair Labor Standards Act]." *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 511 (S.D.N.Y.

2015) (collecting cases). "Because the definition of employer under FLSA and NYLL is co-

extensive, courts employ a single test to determine whether an individual qualifies as an employer

under either." *Archarya v. 7-Eleven, Inc.*, 2019 U.S. Dist. LEXIS 215425, \*4 (S.D.N.Y. Dec. 13,

2019) (quoting *In re Domino's Pizza, Inc.*, 2018 U.S. Dist. LEXIS 169607, *16 (S.D.N.Y. Sept. 30, 2018)). "While '[t]he Second Circuit has not squarely addressed whether a franchisor of an independently owned franchise may be the 'employer' of' someone who works for the franchisee," courts in this Circuit have applied an "economic reality" test on a case-by-case basis, with the "overarching concern" being "whether the alleged employer possessed the power to control" the worker in question. *Id.* at *4 (citations omitted); *see Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question"); *see also Derrick v. Hudson Hall LLC*, 2020 U.S. Dist. LEXIS 194833, *10-12 (S.D.N.Y. Oct. 19, 2020) (adopted by *Derrick v. Hudson Hall LLC*, 2021 U.S. Dist. LEXIS 35503 (S.D.N.Y. Feb. 24, 2021)). The "economic reality" test to determine "whether an entity fits within the definition of 'employer'" consists of two sets of factors based on "formal" control and "functional" control of a worker. *See Archarya*, 2019 U.S. Dist. LEXIS 215425 at *5 (citations omitted).

The factors for "formal" control were set forth by the Second Circuit in *Carter v. Dutchess Community College*, and include whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.* (citing *Carter*, 735 F.2d 8, 12 (2d Cir. 1984)).

While formal control is sufficient for a plaintiff to establish a defendant as an "employer" under the FLSA, it is "not essential," as plaintiffs can also establish employer status through a defendant's "functional" control over a worker. *See Derrick*, 2020 U.S. Dist. LEXIS 194833 at *11 (citations omitted). The factors for "functional" control were set forth by the Second Circuit in *Zheng v. Liberty Apparel Co.*, and are as follows: (1) whether the defendant's premises and

5

equipment were used for the plaintiff's work; (2) whether the immediate employer has a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which the plaintiff performed a discrete line-job that was integral to the defendant's process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the defendant or its agents supervised the plaintiff's work; and (6) whether the plaintiff worked exclusively or predominantly for the putative joint employer. *See Archarya*, 2019 U.S. Dist. LEXIS 215425 at *5-6 (citing *Zheng*, 355 F.3d 61, 72 (2d Cir. 2003)).

Status as an "employer" does "not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *See Herman*, 172 F.3d at 139. But "mere boilerplate allegations that [a defendant] meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details" are not enough to survive a motion for failure to state a claim. *See Archarya*, U.S. Dist. LEXIS 215425 at *6 (quoting *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009)). Moreover, "the weight of authority indicates that plaintiffs face a hard road when seeking to impose joint employer liability on franchisors." *Id.* at *4 (citations omitted). As stated by the Southern District of New York in a decision granting summary judgment to a franchisor, "Plaintiffs were unable to point to a single case in which a franchisor was held liable as a joint employer under FLSA." *In re Domino's*, 2018 U.S. Dist. LEXIS 169607 at *18; *see also Elsayed v. Family Fare LLC*, 2020 U.S. Dist. LEXIS 142546, *16 (M.D.N.C. Aug. 10, 2020) (same).

**Plaintiff's Allegations as to the Franchisor Defendants' Alleged Control over Plaintiff**

Plaintiff's allegations as against the Franchisor Defendants are as follows:

Hilton Franchise Holding LLC and/or Embassy Suites Franchise LLC ("Embassy Suites") provides and licenses "Embassy Suites" franchise agreements to

companies such as Veeder Hospitality Management LLC and/or Congress Hotel LLC ("Veeder"). In such licenses, Embassy Suites licenses the "Embassy Suites Hotel system" which consists of the elements, including know-how, that Embassy Suites designates to hotels operated by companies such as Veeder. That "system" includes use of Embassy Suites' brand and trademarks, access to Embassy Suites' reservation system, advertising, publicity and other marketing programs and materials. FAC, ¶ 24.

The Embassy Suites license further requires franchisors like Veeder to purchase, install, and use required business software and hardware systems set out by Embassy Suites. Embassy Suites requires franchisor companies like Veeder[2] to use OnQ, which is Hilton's business system comprised of software that includes proprietary property management components, reservation components, revenue management components, rate and inventory components, "learning management component[s]," and other components that Embassy Suites considers necessary to support activities such as hotel operations. That OnQ system includes connections to Hilton's reservation offices and travel planners worldwide. The OnQ system is proprietary and is not available from any other source besides Embassy Suites. FAC, ¶ 25.

Importantly, the Embassy Suites "system" that is licensed by Embassy Suites to franchisor companies like Veeder also includes requirements for training programs and materials, standards, specifications and policies for the hotels' operation, workers' appearance, and service to conform to all laws and regulations applicable to hotels or businesses in general. FAC, ¶ 26.

Embassy Suites' required training programs apply to Veeder's general manager and other key personnel at Veeder, and those Veeder employees must complete those training programs before the hotel is allowed to open. Embassy Suites also periodically offers and provides additional trainings to Veeder's employees, including assistance in recruiting employees to work at their hotels and other trainings that affect the working conditions of Class members. FAC, ¶ 27.

In other words, Embassy Suites institutes systems and practices at their hotels that control and affect, either directly or indirectly, the employment conditions of Plaintiff and Class members. FAC, ¶ 28.

---

[2] For some reason, Plaintiff incorrectly (and repeatedly) refers to Veeder as a "franchisor company" ("franchisor companies like Veeder") rather than as a franchisee, as her First Amended Complaint sets forth facts establishing Veeder as a franchisee.

**Plaintiff Fails to Allege Facts Showing Formal Control by the Franchisor Defendants**

In her First Amended Complaint, Plaintiff fails to allege any facts as to whether the Franchisor Defendants: had the power to hire or fire her; supervised and controlled her work schedule or conditions of employment; determined the rate or method of her pay; or maintained any of the Hotel's employment records. *See* FAC, ¶¶ 23-46.  The same is true with respect to any Hotel workers similarly-situated to Plaintiff. *Id.*

As the court found in *Archarya*, the "FAC offers no factual material alleging the Franchisor exerted any control whatsoever over the hours worked or the pay received." 2019 U.S. Dist. LEXIS 215425 at *7 (citing *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 144-45 (2d Cir. 2008)); *see also Derrick*, 2020 U.S. Dist. LEXIS 194833 at *15-16 (finding no formal control by franchisors where plaintiff failed to allege "non-conclusory allegations that they had the power to hire him or other similarly-situated employees, supervised or controlled work schedules or payments, or maintained employment records); *see also Rivers v. Int'l House of Pancakes*, 2021 U.S. Dist. LEXIS 427778, *7-8 (S.D.N.Y. Mar. 8, 2021) (in Title VII franchisor case borrowing *Carter/Zheng* joint employment factors, finding that plaintiff failed to allege facts showing formal control by failing to allege facts that the franchisor controlled the franchisee's work schedules or supervised its work conditions "beyond its semi-annual inspections," or "influenced [the franchisee's] wages or maintained [its] employment records").  Accordingly, as in *Archarya*, *Derrick*, and *Rivers*, the Court must find that Plaintiff fails to plausibly allege any facts suggesting that the Franchisor Defendants had any formal control over her employment at the Hotel.

**Plaintiff Fails to Allege Facts Showing Functional Control by the Franchisor Defendants**

In applying the functional control factors, the Southern District of New York has determined that the "second, third, and sixth factors are difficult to translate to the franchisee-

franchisor context." *In re Domino's*, 2018 U.S. Dist. LEXIS 169607 at *31-32; *see also Rivers*, 2021 U.S. Dist. LEXIS 427778 at *9 (same). Accordingly, the Franchisor Defendants' analysis focuses on the first, fourth, and fifth factors of the functional control test.

With respect to the first factor, Plaintiff fails to set forth any non-conclusory facts alleging that she "used" the Franchisor Defendants' "premises and equipment" for her work. *See* FAC, ¶¶ 23-46. Instead, Plaintiff alleges that Veeder Hospitality (and Congress Hotel) used the Franchisor Defendants' franchise license, reservation system, and business software. *Id.* at ¶¶ 24-27. These allegations fail to provide any information as to whether Plaintiff used the Franchisor Defendants' premises and equipment for her work, as required by the first factor of the functional control test.

With respect to the fourth factor, Plaintiff fails to allege any facts as to whether "responsibility under the contracts could pass from one subcontractor to another without material changes." *See* FAC, ¶¶ 23-46.

And with respect to the fifth factor, Plaintiff fails to allege any facts touching upon the degree to which the Franchisor Defendants supervised Plaintiff's work. *See* FAC, ¶¶ 23-46. Plaintiff fails to allege any control by the Franchisor Defendants over the terms and conditions of employment. Instead, Plaintiff alleges that Veeder Hospitality (and Congress Hotel) used the Franchisor Defendants' franchise license, reservation system, and business software. *Id.* at ¶¶ 24-27. She also alleges that the Franchisor Defendants "required training programs to apply to Veeder's general manager and other key personnel . . . before the hotel is allowed to open." *Id.* at ¶ 27. "Required training programs" of the "general manager and other key personnel" prior to the Hotel's opening hardly suggest any facts bearing on the Franchisor Defendants' supervision of Plaintiff's terms and conditions of employment, or for any employee for that matter. The same is true for Plaintiff's allegation that the Franchisor Defendants "periodically offer[] and provide[]

additional training to Veeder's employees, including assistance in recruiting employees to work at their hotels and other trainings that affect the working conditions of Class members." *Id.* In short, Plaintiff fails to allege any facts plausibly suggesting any inference (let alone a reasonable inference) that the Franchisor Defendants exercised any degree of control or supervision as to the terms and conditions of Plaintiff's employment. Accordingly, Plaintiff fails to satisfy the fifth factor of the functional control test as well. *See Derrick*, 2020 U.S. Dist. LEXIS 194833 at \*16 (plaintiff failed to allege facts as to the defendant-franchisors' "degree of supervision" over plaintiff or any similarly-situated employees, "or any other employment decisions for which they were responsible.").

Based on Plaintiff's failure to allege any facts plausibly suggesting a reasonable inference that the Franchisor Defendants were her joint employers under either the "formal" or "functional" control tests, the Court must dismiss her New York Labor Law ("NYLL") claims as against the Franchisor Defendants pursuant to Rule 12(c). *Id.* at \*15-17 (dismissing plaintiff's FLSA/NYLL claims against defendant-franchisors pursuant to Rule 12(b)(6) where plaintiff failed to "plead adequate factual material to give rise to an inference" that the defendant-franchisors "exercised the control, formal or functional, required to" hold them liable as employers"); *Archarya*, 2019 U.S. Dist. LEXIS 215425 at \*6-8 (dismissing FLSA/NYLL action against 7-Eleven pursuant to Rule 12(b)(6) based on "boilerplate" allegations of joint employment, including plaintiff's allegations that 7-Eleven "collected his work hours, provided an employee time recording system to the Franchisee, and inquired at the Franchisee regarding the Plaintiff's activities," and also that 7-Eleven "indirectly" had the right to train and direct the plaintiff, and that 7-Eleven "maintained computer and software systems that allowed it to 'monitor[]'" the plaintiff); *Rivers*, 2021 U.S. Dist. LEXIS 427778 at \*\*10-11 (finding no joint employment against IHOP upon Rule 12(b)(6)

motion where plaintiff failed to allege any facts "from which the Court can infer that IHOP had control over, knew of, or had reason to know of [franchisee] Trihop's employment actions with respect to Plaintiff"); *Pontones v. Los Tres Magueyes, Inc.*, 2021 U.S. Dist. LEXIS 72552, \*23 (E.D.N.C. Apr. 15, 2021) (dismissing FLSA claims pursuant to Rule 12(b)(6) based on plaintiff's failure to plead "adequate facts to support a theory of joint employer liability" as against the moving defendants).

## POINT II

## PLAINTIFF'S FIRST AMENDED COMPLAINT ALSO MUST BE DISMISSED UNDER RULE 12(c) FOR USING GROUP PLEADING IN VIOLATION OF RULE 8

"A complaint that relies on 'group pleading' and 'fail[s] to differentiate as to which defendant was involved in the alleged unlawful conduct [is] insufficient to state a claim.'" *Derrick*, 2020 U.S. Dist. LEXIS 194833 at \*21-22 (citations omitted); *see also Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard").

Throughout her First Amended Complaint, Plaintiff fails to distinguish between any of the four Defendants, and instead conclusorily alleges (upon information and belief) that the "Defendants" own, operate, and manage hotels throughout New York State and "jointly exercised control over Plaintiff and Class members with respect to their employment." *See, e.g.*, FAC, ¶¶ 15, 17 and 23. Plaintiff's use of "group pleading" is insufficient to state a claim under Rule 8(a)(2) and Rule 12(c) of the Federal Rules of Civil Procedure. *See Derrick* and *Atuahene*, *supra*.

In *Derrick*, the plaintiff brought a putative class and collective action under the FLSA and NYLL against franchisees, owners, and franchisors of several restaurants, bars and kiosks known as Mercado Little Spain. *See Derrick*, 2020 U.S. Dist. LEXIS 194833 at \*2-3 and 21-22. In his

11

first amended complaint, the plaintiff lumped the corporate defendants together as "Defendants." *Id.* at *21-22. Based on the plaintiff's group pleading, the court was unable to "discern from the FAC whether [the plaintiff] contends that the 'decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules' that he claims violates the FLSA and NYLL were imposed by Hudson Hall, Holdings, or Think." *Id.* at *22. The court also determined that the plaintiff's generalized reference to "Defendants' corporate-wide policies and practices" was "similarly deficient in advising as to which Defendant's policies and practices are implicated." *Id.* In light of the plaintiff's "failure to comply with the minimal requirements" of Rule 8, the *Derrick* court dismissed the plaintiff's FLSA/NYLL claims against the corporate defendants based on this "additional ground" (that is, in addition to his failure to plausibly allege facts showing joint employment). *Id.* As in *Derrick*, the Court must reject Plaintiff's group pleading through the undifferentiated use of "Defendants," and dismiss her First Amended Complaint against the Franchisor Defendants pursuant to Rule 12(c) based on this reason as well. *Id.* at *22-23 (dismissing plaintiff's FLSA/NYLL wage claims for failure to state a claim under Rule 12(b)(6) as well as his failure to comply with Rule 8 based on his use of "group pleading").

**POINT III**

**PLAINTIFF FAILS TO ALLEGE FACTS PLAUSIBLY SUGGESTING A REASONABLE INFERENCE THAT THE FRANCHISOR DEFENDANTS WERE UNJUSTLY ENRICHED**

In order to state a claim for unjust enrichment, a plaintiff must allege facts showing that the defendant was enriched at the plaintiff's expense, and that "equity and good conscience" demand that the defendant should return the money to the plaintiff. *See Hugee v. SJC Group, Inc.*, 2013 U.S. Dist. LEXIS 116471, *33 (S.D.N.Y. Aug. 14, 2013) (citations omitted). "'Although privity is not required for an unjust enrichment claim, a claim will not be supported if the

connection between the parties is too attenuated.'" *Id.* (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173 (2011)).   In *Hugee*, the court dismissed the plaintiff's unjust enrichment claim against defendant NESCTC after dismissing his FLSA/NYLL claims upon finding that NESCTC was not the plaintiff's "joint employer." *Id.* at *33-34.  The *Hugee* court dismissed the plaintiff's unjust enrichment claim because the plaintiff failed to allege any facts plausibly suggesting that NESCTC "assumed any . . . obligations" with respect to his employment, benefited from his misclassification as a private contractor, provided him the federal forms at issue, or was in any way responsible for his misclassification as an independent contractor. *Id.* (granting defendant's motion to dismiss and denying plaintiff's motion to amend as futile).   In short, the plaintiff's connection to NESCTC was "too attenuated" to support his claim of unjust enrichment. *See id.*

Here, Plaintiff fails to allege any non-conclusory facts plausibly providing a reasonable inference that the Franchisor Defendants had any involvement in Congress/Veeder's provision of the wage notices and pay statements at issue, or that the Franchisor Defendants had any involvement in the service charges assessed (and allegedly partially retained) by Congress/Veeder. *See* FAC, ¶¶ 1-87.   It's not that Plaintiff's connection to the Franchisor Defendants is "too attenuated"; it's that Plaintiff fails to allege facts showing <u>any</u> connection between her and the Franchisor Defendants, let alone an "attenuated" one.   Accordingly, the Court must dismiss Plaintiff's unjust enrichment claim as against the Franchisor Defendants for failure to state a claim pursuant to Rule 12(c).

## CONCLUSION

Based on the foregoing, the Court must grant the Franchisor Defendants' motion to dismiss pursuant to Rule 12(c), and dismiss Plaintiff's First Amended Complaint as against them in its entirety.

Dated:  August 27, 2021

**BARCLAY DAMON LLP**

Edward G. Melvin  II
Bar Roll No. 509037

*Attorneys for Defendants*
*Embassy Suites Franchise LLC and Hilton*
*Franchise Holding LLC*

Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2783
Email:  emelvin@barclaydamon.com